# CHARLESTON.

GUY WHITE, GUARDIAN *etc. et als.* v. MAXIE HAMILTON JACK-
SON *et als.*

Submitted December 5, 1922.    Decided December 12, 1922.

1.  JUDICIAL SALES—*Law Forbidding Judicial Sale of Contingent
    Estate Created by Deeds or Wills Not Repealed.*

    The provision of sec. 21 of ch. 71 of the Code, inhibiting
    judicial sale of contingent estates created by deeds or wills
    forbidding sales thereof, was not impliedly nor otherwise
    repealed by the enactment of ch. 17, Acts of 1911, comprising
    secs. 24b (1) to 24b (12) of ch. 71 of the Code, as a
    substitute for sec. 20 of said ch. 71, and repeal of said
    section 20, as it was in the Code of 1906, by said Act of 1911.
    (p. 595).

2.  INFANTS—*Decree for Sale of Infant's Land. Not Authorized
    When Acquired by Deed With Condition Against Sale.*

    Upon a demurrer to a bill in equity praying sale of the real
    estate of infants, conveyed to them by a deed containing a
    condition against sale thereof for a limited time, no inquiry
    properly arises as to whether such condition is void because
    restrictive of the power of alienation; since the power of
    judicial sale of infant's lands is withheld by the statutes, in
    all cases in which the deeds or wills creating their estates
    forbid sales thereof. Whether the condition is void or not, a
    court cannot decree a sale in such a case, because the stat-
    ute conferring its power of sale does not extend to property
    held under a deed or will containing such a condition. (p. 596).

Case certified from Circuit Court, Cabell County.

Suit by Guy White, guardian, etc., and others against
Maxie Hamilton Jackson and others. On order overruling a
demurrer to the bill, case certified.

                    *Reversed and demurrer sustained.*

*Damron & Preston,* for plaintiffs.

*Joseph B. Straton,* for defendants.

POFFENBARGER, PRESIDENT:

To the bill filed in this cause, under the provisions of secs.
24b (1) to 24b (12), inclusive, of ch. 71 of the Code, pray-

ing sale of the real estate of infants, conveyed to them by their deceased father, in his lifetime, subject to a condition against alienation by them or any of them, before the youngest of them shall have attained the age of twenty-one years, a demurrer was interposed by the guardian ad litem of some of them, on the ground of immunity of the property from the power of sale in such proceeding, by reason of inhibition thereof by a provision of sec. 21 of ch. 71 of the Code. The decision of the court below, overruling the demurrer, has been certified to us for review, on the joint application of the parties.

To the provision of said sec. 21, saying, ''Nor shall any such decree (of sale of a contingent estate) be made, if the deed or will creating such estate forbid it,'' may be added another found in sec. 14 of ch. 83 of the Code, reading: ''But no estate of any minor or insane person shall be sold contrary to the provisions of any will or conveyance by which such estate was devised or granted to the minor.'' In the argument submitted, this provision is not mentioned; although sec. 24b (12) declares the rights and remedies provided for by ch. 17, Acts 1911, comprising secs. 24b (1) to 24b (12) of ch. 71 of the Code, ''shall be cumulative and in addition to chapter eighty-three of the code of West Virginia of the year one thousand nine hundred and six, and neither said chapter nor any other rights or remedies therein provided for are repealed.'' There is an obvious duplication in the rights and remedies created and conferred by chapter 83 of the Code and chapter 17, Acts of 1911, and it is recognized and affirmed by sec. 12 of the latter statute. By secs. 2 and 12 of ch. 83, the power of sale is extended to the estate of any minor or insane person, ''whether there be or be not limited thereon any other estate, vested or contingent.'' The provisions of the other statute are broader. They confer rights of sale of the lands of adults and persons *sui juris,* as well as those of infants and insane persons, which are subject to limitations or future estates. Hence, it is manifest that, upon an inquiry as to the sufficiency of a bill to sell the lands of an infant, held subject to limitations, when sale thereof is for-

bidden by a provision of the deed, the clause in sec. 14 of ch. 83 cannot be ignored. The Act of 1911 expressly adopts the provisions of ch. 83, as far as they are applicable, and they are applicable in every case of an attempted sale of the estate of an infant. The purpose of this bill is to convert into money real estate of infants, held subjejct to limitations and possible future estates, by judicial sale, wherefore those provisions are clearly applicable.

The condition in the deed, in addition to inhibition of sale of their interests, by any of the five grantees, before attainment of the age of 21 years, by the youngest, now 17 years old, provides that, in the event of the death of any of them, before that of the grantor, or before attainment of 21 years the youngest, the interests, shares or portions of those so dying, shall go to and become the property of the survivors.

Repeal of sec. 21 of ch. 71 of the Code, by implication is asserted by way of avoidance of its operation. Against this contention stands an express repeal of sec. 20 of ch. 71 of the Code, by the Act of 1911, presumptively expressive of the extent of legislative intent concerning repeal. The Act of 1911 completely covers the subject matter of sec. 20 of ch. 71 of the Code, as it was at the date of the passage of that act, and became a substitute for that section; but, as that section did not deal with the limited subject matter of sec. 21 and the new act is silent as to it, the argument of repeal by implication would be obviously weak, if it stood unaffected by anything additional. The negation implied by the express repeal of sec. 20 and silence as to sec. 21 still further impair it. The express continuance in force of the same provision in sec. 14 of ch. 83 of the Code, is absolutely conclusive against intent to repeal the section. Why repeal it in the one case and expressly affirm its continuance in the other? The policy of the inhibition of judicial sale is the same in each case, and the subjects of the two statutes are always similar and sometimes identical.

The remaining ground relied upon for escape is that the condition in the deed is void, because it works undue restraint upon the power or right of alienation of the property. It

is unnecessary to enter upon any inquiry as to the soundness of this position. We necessarily stop short if it, because the power of the courts to sell the real estate of infants is statutory, or, at least, has been made statutory. It does not extend beyond the limits set by the statute, and the statute withholds or denies the power, in express terms, in every case in which the deed or will creating the estate, forbids sale of the property. Such a condition as that found in this deed may be void as to the parties. The deed of one of the grantees who has attained full age might validly pass his title, notwithstanding the condition. But those who are still under age cannot convey their interests, without judicial aid, and such aid is expressly withheld, when the deed contains a condition against sale. It is not the condition in the deed that binds or restrains the court. It is the will of the legislature, expressed in the statute, saying the court shall not order or decree a sale in such cases.

We are clearly of the opinion that the demurrer should have been sustained. An order will be entered and certified to the court below, embodying this conclusion.

*Reversed, and demurrer sustained.*